UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


FABIO R. VARGAS,

        Petitioner,

v.                                      CASE NO. 6:04-cv-1073-Orl-31JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

        Respondents.

_____

## <u>ORDER</u>

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 9) and a supplemental response (Doc. No. 16) to the petition for writ of habeas corpus.  Petitioner then filed a reply (Doc. No. 19).

      Petitioner alleges fourteen claims for relief in his habeas petition:  first, that an erroneous jury instruction was provided with regard to count one of the third amended information; second, that the trial court erred by denying his motion for a judgment of acquittal as to counts twelve and thirteen; third, that the State improperly elicited testimony of uncharged offenses and collateral crimes; fourth, that the trial court erred by failing to conduct a *Faretta* hearing;  fifth, that the trial court failed to ensure that a fair jury was empaneled; sixth, that appellate counsel was ineffective for failing to "challenge [the] seizure that exceeded the scope of [the] warrant"; seventh, that the trial court imposed a twenty-five year minimum mandatory sentence as to count one absent a specific finding

by the jury that the quantity of heroin involved was 28 grams or more; eighth, that the trial court improperly applied the drug trafficking multiplier of Rule 3.703(d)(21) at sentencing; ninth, that the trial court failed to delete additional offense points from the sentencing guideline scoresheet after the dismissal of counts fourteen and sixteen; tenth, that trial counsel was ineffective for failing to investigate alibi witnesses; eleventh, that trial counsel was ineffective for failing to request a jury instruction on entrapment; twelfth, that trial counsel was ineffective for failing to ensure that all elements of the conspiracy offense be included in the jury instructions;  thirteenth, that trial counsel was ineffective for failing to move to suppress the wiretap evidence; and fourteenth, that  trial counsel was ineffective for failing to renew his *Neil* objection prior to or immediately after the jury was sworn.

### *Procedural History*

Petitioner and four other individuals were charged in a eighteen-count third amended information with the commission of various crimes.  Petitioner was charged in all of the counts, except count seventeen.  A jury trial was held, and the trial court granted Petitioner's motion for a judgment of acquittal as to count seven.  As to the remaining counts, Petitioner was found guilty of counts one, six, eight, twelve, thirteen, fourteen, and sixteen; and he was found not guilty as to counts two through five, nine through eleven,  fifteen, and eighteen.  The trial court adjudicated Petitioner guilty of counts one (conspiracy to traffic in 28 grams or more of heroin), six (trafficking in 4 grams or more of heroin), eight (sale of a counterfeit substance in lieu of a controlled substance), twelve (engaging in an unlawful financial transaction), thirteen (unlawful transportation of United States currency), fourteen (conspiracy to traffic in 14 grams or more of heroin), and sixteen (conspiracy to traffic in 4 grams or more of heroin).   After the adjudication of guilt of the crimes,

2

the trial court granted a judgment of acquittal as to counts fourteen and sixteen.  The trial court then

sentenced Petitioner to imprisonment for a term of twenty-five years as to count one and for a term

of 221.5 months as to each of the remaining counts, with the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed

*per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was

denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

During the pendency of his Rule 3.850 motion, Petitioner filed a petition for writ of habeas

corpus with the state appellate court, which was denied.[1]

**Claims One and Two**

Petitioner avers in claim one that an erroneous jury instruction was provided with regard to

count one of the third amended information and in claim two that the trial court erred by denying his

motion for a judgment of acquittal as to counts twelve and thirteen.          Petitioner raised claims

one and two on direct appeal, but he did not present the claims in terms of a deprivation of a federal

constitutional right.  Generally, a "federal court may not grant habeas corpus relief to a state prisoner

who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th

Cir.), *cert. denied*, 525 U.S. 963 (1998).  The exhaustion of state remedies requires that petitioners

"fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass

upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364,

365 (1995) (citation omitted) (quotations omitted).  Hence, "[i]f state courts are to be given the

---

[1]It appears that Petitioner may filed other postconviction motions in the state courts, which were denied.  Those matters are not pertinent to this discussion.

opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Snowden,* 135 F.3d at 735 ("Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that claims one and two involved a violation of state law. Petitioner, on direct appeal, made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition), *cert. denied*, 125 S. Ct. 280 (2004). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, claims one and two are unexhausted.

Since Petitioner would be precluded from now raising claims one and two in the state courts, they are procedurally defaulted.[2] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims one and two must be denied.

―――――――――――――――

[2]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

***Claim Three***

Petitioner argues that the State improperly elicited testimony of uncharged offenses and collateral crimes.

This claim involves an evidentiary ruling made by the state trial court.  "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992)*; see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'").  The state trial error must have been "material in the sense of a crucial, critical, highly significant factor."  *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted); *see also Griffin v. Lewis*, No. 94-17086, 1996 WL 65245, at *4 (9th Cir. February 14, 1996) (unpublished opinion) ("A state court's evidentiary ruling may justify federal habeas relief only if it in some way renders the state proceeding fundamentally unfair."); *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491, 494 (1st Cir.),("[h]abeas review does not ordinarily encompass garden-variety evidentiary rulings."), *cert. denied*, 493 U.S. 865 (1989); *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's rulings with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief).

In the present case, Petitioner has not demonstrated that the state court's ruling with regard to this matter was erroneous or that the ruling deprived him of a fundamentally fair trial.  Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had

a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 622 (1993). Thus, this claim must fail.

## Claim Four

Petitioner avers that the trial court erred by failing to conduct a *Faretta* hearing. Petitioner raised this claim in his motion for postconviction relief, but the trial court found that it was procedurally barred because it should have been raised on direct appeal.

Consequently, Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam.*[3] The denial on procedural bar grounds was a correct application of Florida law.

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim four is procedurally barred.

## Claim Five

Petitioner contends that the trial court failed to ensure that a fair jury was empaneled. This claim was raised in Petitioner's motion for postconviction relief, and the trial court denied it. The state appellate court affirmed the denial.

1.      *Applicability of 28 U.S.C. Section 2254(d)*

---

[3]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

Section 2254(d) provides as follows:

(d)      An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to
         any claim that was adjudicated on the merits in State court proceedings unless
         the adjudication of the claim–

    (1)      resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established Federal law, as
             determined by the Supreme Court of the United States; or

    (2)      resulted in a decision that was based on an unreasonable
             determination of the facts in light of the evidence presented in the
             State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas

corpus relief only if the state court's decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States"[4] or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceedings."  *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams*

*v. Taylor*, 529 U.S. 362 (2000).  Thus, this Court must consider four elements: (a) the governing

legal principle relied upon by the state court; (b) whether the state court's decision was contrary to

---

[4]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the
meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable
> application" clauses have independent meaning.  A federal habeas court may issue
> the writ under the "contrary to" clause if the state court applies a rule different from
> the governing law set forth in our cases, or if it decides a case differently than we
> have done on a set of materially indistinguishable facts.  The court may grant relief
> under the "unreasonable application" clause if the state court correctly identifies the
> governing legal principle from our decisions but unreasonably applies it to the facts
> of the particular case.  The focus of the latter inquiry is on whether the state court's
> application of clearly established federal law is objectively unreasonable, and we
> stressed in *Williams* that an unreasonable application is different from an incorrect
> one.

governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d). The Court finds that this claim must be denied under section 2254(d).

>   2.   *Discussion*

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[5] The state court did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's decision involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Here, the State's use of peremptory strikes with regard to the Spanish-speaking and Portugese-speaking jurors was proper because the prosecutor's reasons for striking these jurors were race neutral and genuine. In an analogous case, *Hernandez v. New York*, 500 U.S. 352 (1991), the United States Supreme Court held that the prosecutor offered a race-neutral explanation for striking

---

[5]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

two Hispanic-speaking Latino prospective jurors by stating that he doubted their ability to defer to official translation of anticipated Spanish-language testimony.  The Supreme Court also held that the state trial court was justified in concluding that prosecutor did not discriminate on the basis of race.  In the present case, the prosecutor's intent in striking these jurors was directly related to the case to be tried.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[6]  "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable.  Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings.  Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an

---

[6]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts.  Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

unreasonable determination of the facts.  Based on the foregoing, it is clear that claim five must be denied under section 2254(d).

***Claim Six***

Petitioner asserts that appellate counsel was ineffective for failing to "challenge [the] seizure that exceeded the scope of [the] warrant."

It is well established that a defendant has the right to effective counsel on appeal.  *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied,* 469 U.S. 956 (1984).  The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel.  *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987).  The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims.[7] *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court.  *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984).  Likewise, appellate counsel need not brief issues reasonably considered to be without merit.  *Alvord*, 725 F.2d at 1291.  Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . . " *Jones v. Barnes*, 463

---

[7]The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.  *Id*. at 687.

U.S. 745, 753 (1983).

In the present case, Petitioner has not shown that appellate counsel's conduct was in any manner unreasonable or that he sustained prejudice.  The record reflects that Petitioner's appellate counsel raised three issues on direct appeal.  Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued.  Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work.  *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work).  The fact that this other issue might have succeeded in the state appellate court "does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim."  *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933 (6th Cir. February 24, 1994) (unpublished opinion).  As discussed by the district court in *Richburg v. Hood*, 794 F. Supp. 75 (E.D.N.Y. 1992),

> [T]he court simply notes that the decision of appellate counsel to choose among plausible options of appellate issues is preeminently a strategic choice and is "virtually unchallengeable."  The petitioner has not even undertaken to demonstrate that the decision of his attorney not to raise this issue constituted an "unprofessional error" or that such error prejudiced his appeal.

*Id*. at 78.  In this case, the Court finds that appellate counsel's decision not to pursue the other issue was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed.  *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant.  The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.")(citations omitted); *Carlos v. Cruz*, No. CV 96-5209 (RED), 1997 WL 269591, at *4 (E.D.N.Y. April 21, 1997),

*affirmed*, No. 97-2302, 1997 WL 829269 (2d Cir. December 8, 1997) (unpublished opinion) ("On appeal, counsel is not required to argue every non-frivolous issue; rather, the better strategy may be to focus on a few more promising issues so as not to dilute the stronger arguments with a multitude of claims"; moreover, the Court must not second-guess the reasonable decisions of appellate counsel to press certain issues instead of others, and the lack of success on appeal is not a basis to impugn appellate counsel's reasonable choices or performance).

Accordingly, in light of 1) the discretion afforded to appellate counsel in selecting those issues most promising for review, and 2) Petitioner's failure to demonstrate that this issue would have been viable on appeal, the Court finds that appellate counsel's performance was not deficient and that Petitioner has not demonstrated prejudice.  Hence, this claim must fail.

**Claim Seven**

Petitioner maintains that the trial court imposed a twenty-five year minimum mandatory sentence as to count one absent a specific finding by the jury that quantity of heroin involved was 28 grams or more.

The record clearly refutes this claim.  The verdict form submitted by the jury as to count one provided that "WE THE JURY, find the Defendant, guilty of the charge of Conspiracy to Traffic in 28 Grams or More of Heroin."  Thus, the record establishes that the jury made the requisite findings as to the quantity of heroin involved.[8]

**Claims Eight and Nine**

Petitioner argues in claim eight that the trial court improperly applied the drug trafficking

---

[8]For the reasons discussed with regard to claims eight and nine hereinafter, the Court also finds that this claim must be denied because it is based exclusively on state law issues.

12

multiplier of Rule 3.703(d)(21) at sentencing, and in claim nine that the trial court failed to delete additional offense points from the sentencing guideline scoresheet after the dismissal of counts fourteen and sixteen.

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law.   A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).  As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."  (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied,* 434 U.S. 1020 (1978).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'"  *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).  Since claims eight and nine are based exclusively on state law issues that are merely "couched in terms of equal protection and due process," they must be denied.  *Willeford*, 538 F.2d at 1198.

### Claims Ten, Eleven, Twelve, Thirteen, and Fourteen

Claims ten, eleven, twelve, thirteen, and fourteen were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits.  The state appellate court affirmed the denial.  The Court finds that these claims must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority. The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id*. Under this demanding standard, the state court's determination that, with regard to each claim, Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

1. *Claim Ten*

According to Petitioner, trial counsel was ineffective for failing to investigate alibi witnesses. He alleges that certain witnesses would have testified that they were with him "on specific dates and times when allegedly and supposedly he was conducting or conspiring to conduct heroin transactions."

However, Petitioner does not specify the dates and times these witnesses were with him or identify the specific counts for which their testimony would have been applicable. Petitioner's

allegations with regard to this claim are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *affirmed without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). Petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Petitioner's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728. Petitioner has failed to satisfy either prong of the *Strickland* test, and this claim must fail.

   2.    *Claim Eleven*

Petitioner argues that trial counsel was ineffective for failing to request a jury instruction on entrapment.

However, Petitioner fails to allege facts that would establish the viability of an entrapment defense. He does not explain how he was entrapped nor who entrapped him. Petitioner's vague and conclusory allegations are insufficient to show that he received ineffective assistance of counsel.

   3.    *Claim Twelve*

Petitioner maintains that trial counsel was ineffective for failing to ensure that all elements of the conspiracy offense be included in the jury instructions.

In the present case, the trial court provided the Florida standard jury instruction on conspiracy. Petitioner has not shown that the jury instructions with regard to conspiracy were in any manner deficient. Consequently, there has been no showing of ineffective assistance of counsel.

4.    *Claim Thirteen*

Petitioner states that trial counsel was ineffective for failing to move to suppress the wiretap evidence.   In particular, Petitioner contends that, at trial, witnesses for the State testified as to recorded communications that transpired before the wiretap authorization was approved by the trial judge.   Petitioner also mentions that ceratin attorney/client communications were improperly intercepted.

This claim is without merit.  First, Petitioner has not shown that any communications were wrongfully wiretapped.  Second, assuming that certain communications were improperly wiretapped, he has not demonstrated prejudice.  There is no indication that any improper communications were introduced at trial or were prejudicial to him in any manner.

5.    *Claim Fourteen*

Petitioner avers that that  trial counsel was ineffective for failing to renew his *Neil* objection prior to or immediately after the jury was sworn.

In *State v. Neil*, 457 So. 2d 481, 486 (Fla. 1984), the Supreme Court of Florida held that "[a] party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race." (Footnote omitted).

In the present case, the State moved to strike certain jurors, and Petitioner's counsel made a *Neil* objection because two of the jurors spoke Spanish or Portugese and because two were members of a minority group.  (Transcript of Jury Selection at 184-89.)  The State provided race-neutral reasons, and the trial court agreed and allowed the exercise of peremptories for those jurors.

*Id*.  Before the jury was seated, Petitioner's counsel renewed his objection.   *Id*. at 194.
Consequently, the *Neil* challenge was preserved for review.  *Cf. Melbourne v. State*, 679 So.2d 759,
765 (Fla.1996) (holding that defendant failed to preserve the challenge to the peremptory strike for
review because she did not renew her objection before the jury was sworn).

Additionally, as discussed above, the prosecutor's reasons for striking these jurors were race
neutral and genuine; therefore, there was no prejudice in this case.

   *5.*      *Conclusion*

The Court finds that, with regard to claims ten through fourteen, trial counsel's conduct was
reasonable and/or that Petitioner has not shown prejudice.   Certainly, Petitioner has not
demonstrated, and this Court is unable to conclude, that the state court's decision was either
"contrary to" or an "unreasonable application of" *Strickland*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable
determination of the facts.  Here, nothing in the record (or in Petitioner's submissions) suggests that
the trial court's factual findings were unreasonable.   Further, Petitioner has failed to rebut the
presumption of correctness accorded the trial court's factual findings.  Because he has not denigrated
the trial court's factual findings, the Court cannot conclude that the trial court's decision was based
on an unreasonable determination of the facts.  Based on the foregoing, it is clear that claims ten
through fourteen must be denied under section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be
without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

   1.      The Petition for Writ of Habeas Corpus filed by Fabio R. Vargas is **DENIED**, and

this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment

accordingly.

2.        The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 20th day of June, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/20
Counsel of Record
Fabio R. Vargas